**CLARK GULDIN**
Attorneys At Law
20 Church Street – Suite 15
Montclair, New Jersey 07042
(973) 707-5346 (ph)
(973) 707-7631 (fax)
*Attorneys for Plaintiff, Fortune Double International LTD*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FORTUNE DOUBLE INTERNATIONAL LTD.,**<br><br>Plaintiff,<br>vs.<br><br>**LOUISE PARIS LTD., JOSEPH BARNATHAN, SOPHIA BARNATHAN, SOLOMON BARNATHAN, LILIAN BARNATHAN, ALBERT BARNATHAN, CLAUDIA BARNATHAN, ME-JANE, LTD** and **JOHN DOES 1-10,**<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff, Fortune Double International LTD. ("Fortune"), by and through its under counsel, Clark Guldin Attorneys at Law, file this Complaint for damages against Defendants, Louise Paris ("Louise Paris"), Joseph Barnathan, Sophia Barnathan, Solomon Barnathan, Lilian Barnathan, Albert Barnathan, Claudia Barnathan, Me-Jane, LTD. ("Me-Jane"), and John Does 1-10 (collectively, "Defendants"), and in support, state as follows:

## PRELIMINARY STATEMENT

1. This is not the typical breach of contract case. Rather, this matter involves continuing fraudulent engagements in concerted misconduct to avoid the consequences of their actions, including using funds from family-owned companies, Louise Paris LTD ("Louise Paris") and Me-Jane LTD ("Me-Jane"), to purchase lavish cars, luxury items, and real estate.

2. At the center of the fraud is the Barnathan family, and at the head of this scheme is Solomon Barnathan, who with Albert Barnathan, manages the network of businesses, so they can avoid liability for their unscrupulous business practices. It is not surprising that the New York Court docket is riddled with matters involving Louise Paris, Me-Jane, Solomon Barnathan and Albert Barnathan.

3. In this current instance, Louise Paris is at the center of the fraud, wherein it contracted to purchase merchandise from Fortune Double International LTD. ("Fortune"), and instead of paying for the manufactured goods, Louise Paris would instead divert any income it received to either Me-Jane, or to the personal accounts of Solomon or his other family members, leaving Fortune with nothing for those goods it manufactured and shipped to Louise Paris.

4. Through this action, Fortune seeks to recover the millions of dollars in damages it suffered at the hands of the Defendants and to ensure that the individuals responsible for those damages are held accountable.

## THE PARTIES

5. Fortune is a Hong Kong limited liability company with a principal place of business at Suite 1701-02, 17/F, 308 Central Des Voeux 308 Des, Voeux Road Central, HK.

6. Upon information and belief, Louise Paris is a New York Corporation with a principal place of business at 1407 Broadway, Ste 1405, New York, NY 10018.

7. Upon information and belief, Defendant, Solomon Barnathan, is an individual who resides at 1962 Ocean Parkway, Brooklyn NY 11223. Upon information and belief, Solomon Barnathan is the Chief Executive Officer of Louise Paris.

8. Upon information and belief, Defendant, Lilian Barnathan, is an individual who resides at 1962 Ocean Parkway, Brooklyn NY 11223. Upon information and belief, Lilian Barnathan is the wife of Solomon Barnathan.

9. Upon information and belief, Defendant, Joseph Barnathan, is an individual who resides at 55 Norwood Ave, S. Allenhurst New Jersey 07711, and upon information and belief, is the Vice President of Louise Paris, as well as the family member of Solomon Barnathan.

10. Upon information and belief, Defendant, Sophia Barnathan, is an individual who resides at 55 Norwood Ave, S. Allenhurst New Jersey 07711. Upon information and belief, Sohpia Barnathan, also known as Sophia Dweck, is the ex-wife of Joseph Barnathan but shares a residence with Joseph Barnathan.

11. Upon information and belief, Me-Jane is a New York Corporation with a principal place of business at 1407 Broadway, Ste 1407, New York, NY 10018.

12. Upon information and belief, Defendant, Albert Barnathan, is an individual who resides at 2174 East 4th Street, Brooklyn, New York 11223. Upon information and belief, Albert Barnathan is the Chief Executive Officer of Me-Jane.

13. Upon information and belief, Defendant Claudia Barnathan is an individual who resides at 2174 East 4th Street, Brooklyn, New York 11223. Upon information and belief, Claudia Barnathan, also known as Chera Barnathan, is the wife of Albert Barnathan.

14. Defendants, John Does 1-10 (the "John Doe Defendants") are fictitious entities or individuals whose identities are unknown to Plaintiff at this time but represent entities who may or may not have committed acts against Plaintiff.

## JURISDICTION AND VENUE

15. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Corporate Defendants reside and are incorporated within this district.

## GENERAL ALLEGATIONS

17. In or about April 2016, Fortune and Louise Paris entered into a written agreement that provided, among other things, that Fortune would manufacture goods, such as clothing, from China to destinations Louise Paris provided (the "Contract").

18. Under the Contract, Louise Paris would initially complete a form providing the materials to be manufactured and submit that to Fortune. Fortune would then complete a packing list that among other things, would provide the size, color, style, quantity, and total number of cartons needed to fulfil the order (the "Packing List").

19. The Contract further provided that, upon completion of the Packing List but prior to the shipment of the manufactured goods, Fortune would provide a commercial invoice to Louise Paris, wherein the bank Louise Paris specified would provide payment prior to the shipment of the manufactured goods. Once payment was received, Fortune would ship the manufactured goods to the Louise forwarder (the "Commercial Invoice").

20. Shortly thereafter, and in accordance with the Contract and the parties' course of conduct, Fortune would deliver the goods to a Louise Paris forwarder, who would accept the order on behalf of Louise Paris.

21. Throughout the parties' relationship, Defendants never objected to any orders placed with Fortune.

22. On or about August 5, 2023, Louise Paris entered a Packing List for Fortune to complete. However, Louise Paris, via Sharon Wong, who upon information and belief is the production manager of both Louise Paris and Me-Jane, directed that the consignee be changed to Me-Jane (the "August 2023 Order").

23. Fortune complied with this request and forwarded goods to Me-Jane.

24. Fortune requested payment from Solomon Barnathan for the August 2023 Order, as the course of conduct between the parties suggests that Solomon Barnathan is an officer or otherwise a party who is authorized to transaction on behalf of both Me-Jane and Louise Paris.

25. Nearly two months after the August 2023 Order and requests for payment to Solomon Barnathan, Me-Jane paid the August 2023 Order invoice.

26. Upon receipt of the goods provided by Fortune, Louise Paris would transfer the goods to various retailers.

27. Beginning in or about April 2024, Louise Paris failed to remit full payment due and owing Fortune in a timely manner and, at times, failed to pay Fortune at all for the transferred goods.

28. When confronted by Fortune, Louise Paris' principals, specifically Solomon Barnathan, expressly acknowledged that the debt was due and owing, and promised that payment would be forthcoming.

29. Upon information and belief, these promises were made to mollify Fortune so that Fortune would not commence a lawsuit.

30. Upon information and belief, while Louise Paris's debt was growing, Solomon Barnathan diverted Louise Paris' assets to (i) his family members and (ii) Me-Jane so as to make Louise Paris "judgment proof."

31. Further to this scheme, partial payments were being made on behalf of Louise Paris by Joseph Barnathan and Sophia Barnathan, the family members of Solomon Barnathan, from their personal accounts, with promises that further payments would be forthcoming.

32. While these promised payments never came, Solomon Barnathan and his family members were able to live a life of luxury, including a fleet of expensive automobiles and a substantial real estate portfolio.

33. Comparatively, Louise Paris is effectively insolvent.

34. To date, Defendants owe $3,448,215.96 to Fortune.

**COUNT ONE**
**Breach of Contract Against Louise Paris**

35. Fortune incorporates the allegations of the preceding paragraphs as if set forth at length herein.

36. The Contract is a binding and enforceable written contract.

37. As described more fully in the preceding paragraphs, Louise Paris, in material breach of its contractual obligations, refused to pay Fortune for the goods delivered in accordance with the Contract terms.

38. Fortune satisfied all of its obligations required to be performed under the Contract.

39. As a consequence of Louis Paris' material breach of the Contract, Fortune has been damaged in an amount not yet fully determined, but no less than $3,448,215.96.

**COUNT TWO**
**Unjust Enrichment Against Louise Paris**

40. Fortune incorporates the allegations of the preceding paragraphs as if set forth at length herein.

41. Fortune has performed its obligations to Louise Paris under the Contract.

42. Louise Paris has benefited from the performances of Fortune.

43. Louise Paris has failed and/or refused to fully and adequately pay for the work in accordance with the Contract.

44. As a consequence, Louise Paris has been unjustly enriched, and Fortune has been unfairly impoverished.

45. It is against equity and good conscience to permit Louise Paris to retain the benefit of Fortune's work without full and adequate payment of the work for the Contract.

46. By reasons of the forgoing, Fortune is entitled to a monetary judgment for the Contract in its favor and against Louise Paris in an amount not fully determined, but no less than $3,448,215.96.

**COUNT THREE**
**Unjust Enrichment Against Solomon Barnathan**

47. Fortune incorporates the allegations of the preceding paragraphs as if set forth at length herein.

48. Fortune has performed its obligations to Louise Paris under the Contract.

49. Solomon Barnathan, as the CEO of Louise Paris, has benefited from the performances of Fortune.

50. Solomon Barnathan has failed and/or refused to fully and adequately pay for the work in accordance with the Contract.

51. As a consequence, Solomon Barnathan, as CEO of Lousie Paris, has been unjustly enriched, and Fortune has been unfairly impoverished.

52. It is against equity and good conscience to permit Solomon Barnathan to retain the benefit of Fortune's work without full and adequate payment of the work for the Contract.

53. By reasons of the forgoing, Fortune is entitled to a monetary judgment for the Contract in its favor and against Solomon Barnathan in an amount not fully determined, but no less than $3,448,215.96.

**COUNT FOUR**
**Unjust Enrichment Against Lilian Barnathan**

54. Fortune incorporates the allegations of the preceding paragraphs as if set forth at length herein.

55. Fortune has performed its obligations to Louise Paris under the contract.

56. Lilian Barnathan, as the wife of Solomon Barnathan, has benefited from the performances of Fortune.

57. Lilian Barnathan has been unjustly enriched, and Fortune has been unfairly impoverished.

58. Lilian Barnathan has failed and/or refused to fully and adequately pay for the work in accordance with the Contract.

59. It is against equity and good conscience to permit Lilian Barnathan to retain the benefit of Fortune's work without full and adequate payment of the work for the Contract.

60. By the reasons of the foregoing, Fortune is entitled to a monetary judgment for the Contract in its favor and against Lilian Barnathan in an amount not fully determined, but no less than $3,448,215.96.

## COUNT FIVE
### Unjust Enrichment Against Joseph Barnathan

61. Fortune incorporates the allegations of the preceding paragraphs as if set forth at length herein.

62. Fortune has performed its obligations to Louise Paris under the Contract.

63. Joseph Barnathan, as the family member, a benefactory of Louise Paris and the Vice President of Louise Paris, has benefited from the performances of Fortune.

64. Joseph Barnathan has been unjustly enriched, and Fortune has been unfairly impoverished.

65. Joseph Barnathan has failed and/or refused to fully and adequately pay for the work in accordance with the Contract.

66. It is against equity and good conscience to permit Joseph Barnathan to retain the benefit of Fortune's work without full and adequate payment of the work for the Contract.

67. By the reasons of the foregoing, Fortune is entitled to a monetary judgment for the Contract in its favor and against Joseph Barnathan in an amount not fully determined, but no less than $3,448,215.96.

**COUNT SIX**
**Unjust Enrichment Against Sophia Barnathan**

68. Fortune incorporates the allegations of the preceding paragraphs as if set forth at length herein.

69. Fortune has performed its obligations to Louise Paris under the contract.

70. Sophia Barnathan, as the ex-family member and a beneficiary of Louise Paris, has benefited from the performances of Fortune.

71. Sophia Barnathan has been unjustly enriched, and Fortune has been unfairly impoverished.

72. Sophia Barnathan has failed and/or refused to fully and adequately pay for the work in accordance with the Contract.

73. It is against equity and good conscience to permit Sophia Barnathan to retain the benefit of Fortune's work without full and adequate payment of the work for the Contract.

74. By the reasons of the foregoing, Fortune is entitled to a monetary judgment for the Contract in its favor and against Sophia Barnathan in an amount not fully determined, but no less than $3,448,215.96.

**COUNT SEVEN**
**Unjust Enrichment Against Albert Barnathan**

75. Fortune incorporates the allegations of the preceding paragraphs as if set forth at length herein.

76. Fortune has performed its obligations to Louise Paris under the Contract.

77. Albert Barnathan, as the CEO of Me-Jane, has benefited from the performances of Fortune.

78. Albert Barnathan has failed and/or refused to fully and adequately pay for the work in accordance with the Contract.

79. As a consequence, Albert Barnathan, as CEO of Me-Jane, an associate of Louise Paris, has been unjustly enriched, and Fortune has been unfairly impoverished.

80. It is against equity and good conscience to permit Albert Barnathan to retain the benefit of Fortune's work without full and adequate payment of the work for the Contract.

81. By reasons of the forgoing, Fortune is entitled to a monetary judgment for the Contract in its favor and against Albert Barnathan in an amount not fully determined, but no less than $3,448,215.96

**<u>COUNT EIGHT</u>**

**Unjust Enrichment Against Claudia Barnathan a/k/a Chera Barnathan**

82. Fortune incorporates the allegations of the preceding paragraph as if set forth at length herein.

83. Fortune has performed its obligations to Louise Paris under the contract.

84. Claudia Barnathan, as the wife of Albert Barnathan, has benefited from the performances of Fortune.

85. Claudia Barnathan has been unjustly enriched, and Fortune has been unfairly impoverished.

86. Claudia Barnathan has failed and/or refused to fully and adequately pay for the work in accordance with the Contract.

87. It is against equity and good conscience to permit Claudia Barnathan to retain the benefit of Fortune's work without full and adequate payment of the work for the Contract.

88. By the reasons of the foregoing, Fortune is entitled to a monetary judgment for the Contract in its favor and against Claudia Barnathan in an amount not fully determined, but no less than $3,448,215.96.

**COUNT NINE**
**Promissory Estoppel Against Louise Paris**

89. Fortune incorporates the allegations of the preceding paragraphs as if set forth at length herein.

90. As more fully set forth in the preceding paragraphs, Louise Paris made clear and unambiguous promises that it would pay Fortune for the Packing List in accordance with the Contract.

91. In reasonable reliance on these promises, Fortune performed the work for Louise Paris.

92. Louise Paris failed and/or refused to fully and adequately pay for the work performed by Fortune.

93. By reasons of the foregoing, Fortune is entitled to a monetary judgment for the Commercial Invoices in its favor and against Louise Paris in an amount not fully determined, but no less than $3,448,215.96.

**WHEREFORE,** Plaintiff, Fortune Double International Ltd., is entitled to a monetary judgment in its favor and against Defendants in an amount not fully determined, but no less than $3,448,215.96.

(i) Awarding monetary damages in the amount of $3,448,215.96;

(ii) Awarding compensatory and consequential damages;

(iii) Awarding pre- and post-judgment interest;

(iv) Awarding costs of suit and reasonable attorneys' fees; and

(v) Awarding such other further relief as the Court deems just and proper.

**CLARK GULDIN**
**Attorneys at Law**
*Attorneys for Plaintiff*

By:____________________________
Jonathan A. Ozarow, Esq.
Meredith E. Millman, Esq.

Dated: November 19, 2025